## DICK SHACKLEFORD *v.* THE STATE.

1. JURY LAW.—At the first term of the district court of J. county, after the jury act of 1876 went into operation, it being ascertained that no juries had been provided for the second and third weeks of the term, the sheriff, by order of the district judge, summoned jurors to serve therefor, and by like order, on the trial of this cause, also summoned tales jurors in lieu of jurors challenged by the accused. The accused challenged the array and the talesmen, because not drawn or summoned in any manner provided for by the act of 1876. *Held,* that the challenges should have been sustained, having been interposed at the proper stage of the trial; and that the overruling of them was error, necessitating a reversal of the conviction. See *Elkins* v. *The State*, 1 Texas Ct. of App. 539.

2. SAME.—The jury act of 1876 repealed all laws and parts of laws conflicting with its provisions; and, since it went into effect, legal jurors are obtainable only in conformity with its provisions.

3. THEFT—EVIDENCE.—Any explanation which a party found in possession of stolen property gives at the time, as to the nature and extent of his possession, and how he came by it, is evidence either for or against him.

25

APPEAL from the District Court of Johnson. Tried below before the Hon. D. M. PRENDERGAST.

The charge was theft of a mule worth $100.

*J. L. L. McCall*, for the appellant.

*H. H. Boone*, Attorney General, for the State.

ECTOR, P. J. An examination of the record shows that the jury trying the cause were not selected by the jury commissioners, as required by law, but were summoned by the sheriff, under instructions from the court. The defendant challenged the whole array of the jury, "because the same were not summoned according to law, and the same were not drawn by the clerk, as required by law, the records of the court showing that said jurors had not been chosen by commissioners required by law, and the records also showing no drawing of the jury in the cause." The defendant in like manner challenged the talesmen summoned by the sheriff to fill the places of those challenged. Two jurors last on the said jury were so placed after the defendant had exhausted his ten challenges. "Which challenges to the array of the jury, and the talesmen to fill up the places of those challenged, were by the court overruled; to which ruling of the court the defendant, by counsel, excepted, and asked that his bill of exceptions be signed as a part of the record in the cause."

In signing this bill of exceptions the court said: "I will say, by way of explanation, that this was the first term of the court after the present jury law went into operation. No jury had been drawn by the county or commissioners' court for the third and fourth weeks of the term. Finding this to be the fact, I directed writs to be issued to the sheriff, requiring him to summon juries for those two weeks, and gave him directions as to the qualifications of jurors. It

was to a jury summoned in this way, and which had been impaneled and on duty three or four days, to which the defendant excepted. The talesmen to which he excepted were summoned by the sheriff, away from the court-house and the court-house yard." The bill of exceptions was then signed by the judge.

In the case of *Elkins* v. *The State*, 1 Texas Ct. of App. 539, no jury commissioners had been appointed by the court, but the prescribed oath was administered to the sheriff and he was directed to summon qualified jurors, which was done, and by a jury thus summoned the defendant was convicted. On appeal, the manner in which the jury were summoned was held an error by this court, for which the judgment was reversed. The explanation of the court, that it was the first term of the court after the act entitled " An act to regulate grand juries and juries in civil and criminal cases in the courts in the state " (Gen. Laws 1876, 78) went into effect, is no reason for a non-compliance with the law.

When the legislature prescribes rules for the selection of juries, and repeals all laws and parts of laws in conflict with the provisions of the act (to which we have referred), the courts must observe the law in force. The legislature has the right to prescribe rules of practice as to the time when exceptions should be taken to irregularities in proceedings. The defendant availed himself at the proper time, by objecting to the array of jurors summoned by the sheriff, and his objections should have been sustained by the lower court. As soon as it was ascertained by the district court that juries would be needed for the second and third weeks of the term of the court, the court should have forthwith ordered proceedings, in conformity with the provisions of the jury law, to supply for the term a sufficient number of juries.

To obviate any objection to the substituted indictment in

this case, the county attorney could have the state's wit-- nesses go before the next grand jury, with a view of getting a new indictment. We merely make this suggestion, with-- out deciding that the substituted indictment is insufficient.

Any explanation which the party in whose possession stolen- property is found may give at the time, as to the nature and extent of his possession, and how he came by it,. is admissible in evidence either for or against him.

The judgment of the district court is reversed and the. case remanded.

*Reversed and remanded.*